Honolulu, April 24, 1885.

LONO *et al.* *vs.* M. PHILLIPS *et al.*

EXCEPTIONS TO FINDINGS OF JUDD, C. J.

APRIL TERM, 1885.

JUDD, C. J.; McCULLY and AUSTIN, JJ.

Neither a guardian nor his grantees will be allowed to set up possession or title in land adverse to the ward.

Exceptions overruled.

OPINION OF THE COURT, BY JUDD, C. J.

THIS is an action of ejectment to recover possession of a parcel of land at Niulii, Kohala, Hawaii, consisting of eleven acres and 96 8-10 fathoms. It was awarded to one Kupanapau by award of Land Commission No. 8898, and a Royal Patent was taken out thereon numbered 1338. The jury was waived and the Chief Justice, holding the January term, 1885, gave judgment for the plaintiffs, to which exception was taken.

It appears from the evidence that in June, 1879, the Supreme Court in probate appointed one Keawe guardian of the plaintiffs, the minor children of Kuhaiki and Kalai. Keawe testified at the hearing in probate that at the death of Kuhaiki his (Kuhaiki's) children inherited the lands of Kuhaiki, subject to the widow's dower; that the land at Kohala is rented to Kalai, a lawyer, at $10 per acre, ten acres of which is rented. He undoubtedly referred to the land in question, for the proofs show that ten acres of it was rented to one Z. Kalai, a lawyer, now Police Justice of Kohala, at $10 per acre per annum, who is one of the defendants refusing to attorn to the plaintiffs.

This Keawe, then, obtained possession of the land as guardian of these children, Lono and Kalaukoa, and on the 16th of January, 1883, he executed a mortgage of the same to C. J. Fishel. reciting that this "land had become vested in him by inheritance." He signed the mortgage as J. K. Kawainui, taking his father's name as his surname. The land was sold at auction under the power of sale contained in the mortgage and the defendants M. Phillips & Co. became the purchasers.

At the trial it was shown that the patentee Kupanapau died in 1848, or thereabouts, leaving no widow nor issue. He had brothers, Kalimahauna and Kapahi, and sisters, Kawahie and Kahookaliki. None of these left any issue except Kahookaliki, who had by her husband Kalaukoa a son Kuhaiki, now deceased, the father, by Kalai (w), of the minor plaintiffs. As grand-niece and nephew of the patentee Kupanapau they stand in an inheriting relation. But it is urged that Koko, wife of Kapahi, survived him and so her interest is outstanding, and the plaintiffs ought not to recover more than they have shown title to.

But the defendants, Phillips & Co., stand in the place of Keawe, who voluntarily surrendered to them the possession of the land. Keawe having entered upon this land as guardian of the plaintiffs, neither he nor his grantees will be allowed to set up possession or title in themselves adverse to the *cestuis gue trust*, the wards of Keawe. See Perry on Trusts, Sec. 863.

The defendants are charged with notice of the public record appointing their grantor guardian of the plaintiff minors. Moreover the recorded lease from Kalimahauna to Kalai, and his sub-leases

as well, are notice to Phillips & Co. that there were parties in possession holding under a party other and adverse to Keawe, and should have put them upon inquiry. The possession of a good part of this land by plaintiffs' tenants was notice to the defendants to the same effect.

Phillips & Co. are in no sense *bona fide* purchasers for value. They took a title from one who not only had none, but who could not be permitted to show that he had one, at least until he had surrendered his guardianship and the possession of the estate to his wards and put himself thereafter in a hostile position to them.

We think the judgment below was correct.

Exceptions overruled.

*Kinney and Peterson,* for plaintiffs.

*R. F. Bickerton* and *A. Rosa,* for defendants, M. Phillips & Co.
Honolulu, May 26, 1885.